THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ANTHONY BERTOLA and JULIUS M. RUSSO, Defendants.

Supreme Court, Special Term, New York County, February 14, 1947.

*David Kashman* for Anthony Bertola, defendant.

*Frank S. Hogan, District Attorney (Ernest A. Miller* of counsel), for plaintiff.

*Jerome Lewis* for Julius M. Russo, defendant.

HECHT, J. Defendant Bertola applies for a certificate of reasonable doubt pending his appeal from a judgment of the Court of Special Sessions of the City of New York, convicting him of the crime of possessing adulterated and misbranded food (Agriculture and Markets Law, § 199-a).

Defendant was engaged in preparing gift packages being sent to Italy under the auspices of the Committee for Personal Relief for Italy. One of the items contained in the gift package was a one-quart can of mixed oil, which defendant represented contained 50% olive oil. Two inspectors of the Department of Markets called at defendant's place of business and removed two cans of olive oil from the prepared packages, one of which was taken to Mr. Singer, a city chemist, for analysis; the other was given to defendant. Singer was called as a witness for the People and it is the claimed lack of probative value of his testimony upon which defendant bases his only substantial specification of error.

Singer testified that he made a qualitative and quantitative analysis of the oil mixture contained in the can packaged by defendant and found a 20% olive oil content. In arriving at this result he made three tests, relying on what was referred to as the "squalene test" to determine the quantitative content of the oil mixture. This test had been formulated by a Dr. Fitelson, of the United States Food and Drug Administration, and accepted by the Association of Official Agricultural Chemists. Singer testified that he had used this test several hundred times. He admitted that the country from whence the olive oil came was a factor to be considered in making the test and that, for example if the olive oil came from Tunisia, the result of his experiment would show a 50% olive oil content. However, it was adequately established by the testimony of

Inspector Glennon that the olive oil packaged by defendant was a product of Spain and that, using the factor applicable to oil of this origin, the olive oil content was 20% instead of 50%, as represented by defendant.

Defendant's only witness was a chemist who testified that the " squalene test " was unreliable, speculative and untrustworthy. He admitted he had not analyzed the sample of oil which had been given to defendant Bertola for that explicit purpose.

In the circumstances I find no basis for defendant's contention that the testimony of the chemist called by the People should be disregarded. I find that defendant's guilt was established beyond a reasonable doubt. Motion denied.